[923 NYS2d 672]

In the Matter of JEMAL A. DESHONG, Also Known as JAMAL ELO-HEENATIR, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 24, 2011

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion dated August 12, 2010 (2010 NY Slip Op 79536[U]), this Court immediately suspended the respondent as a result of his conviction of a serious crime, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) was authorized to institute and prosecute a disciplinary proceeding against the respondent and directed to serve upon him and the Special Referee a petition within 30 days after receipt of the order, the respondent was directed to submit an answer to the petition within 20 days, and the issues raised were referred to the Honorable Stella Schindler, as Special Referee, to hear and report.

The Grievance Committee now moves to impose discipline against the respondent upon his default in that he failed to timely submit an answer to the petition within the time frame set forth in this Court's decision and order on motion dated August 12, 2010.

The petition dated September 14, 2010, contains five charges of professional misconduct, alleging violations of Code of Professional Responsibility DR 1-102 (a) (3), (5) and (7) (22 NYCRR 1200.3 [a] [3], [5], [7]).

Charge one alleges that on June 30, 2006, the respondent was convicted, in the Supreme Court, New York County, of two counts of criminal contempt in the second degree, in violation of Penal Law § 215.50 (1) and (2), class A misdemeanors. The convictions were based on a courtroom outburst in November 2004. On or about October 10, 2006, he was sentenced to concurrent terms of 11 months incarceration on those counts and assessed $160 in surcharges.

Charge two alleges that on or about September 21, 2009, the respondent pleaded guilty to criminal trespass in the fourth degree, in violation of New Jersey Statutes Annotated 2C:18-3 (a), in Denville Township Municipal Court. He was sentenced to time served, after spending 124 days in jail following his arrest for attempted burglary and other crimes.

Charges three alleges that on or about September 30, 2009, the respondent pleaded guilty in the Supreme Court, Bronx County, to obstructing governmental administration in the second degree, in violation of Penal Law § 195.05, a class A misdemeanor. During his plea allocution, the respondent admitted that on August 22, 2006, at the northwest corner of Webster Avenue and Clay Avenue in the Bronx, he stated to a police officer, "Don't touch me," and then swung a closed fist at the police officer's head. The respondent then fled into oncoming traffic, requiring three vehicles to swerve to avoid striking him. The respondent was sentenced to 30 days incarceration, which he had already served. Judgment was entered against him for the $160 in surcharges which he was unable to pay.

Charge four alleges that on or about February 8, 2010, the respondent pleaded guilty in Criminal Court of the City of New York, New York County, to resisting arrest, in violation of Penal Law § 205.30, a class A misdemeanor. He was sentenced to 10 days' imprisonment.

Charge five is predicated on the respondent's failure to file the records of his criminal convictions with this Court.

On September 20, 2010, the respondent was personally served with a copy of the decision and order on motion of this Court dated August 12, 2010, the notice of petition, and the petition at the Morris County Correctional Facility in New Jersey. He has not submitted an answer to the petition within the time frame set forth in the August 12, 2010 order, nor has he requested additional time in which to do so.

Although personally served on October 21, 2010 with a copy of the instant motion to adjudicate him in default, the respondent has neither served a response nor requested additional time in which to serve a response.

Accordingly, the Grievance Committee's motion is granted, the charges in the petition are deemed established and, effective immediately, the respondent is disbarred upon his default, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Jemal A. Deshong, also known as Jamal Eloheenatir, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Jemal A. Deshong, also known as Jamal Eloheenatir, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent Jemal A. Deshong, also known as Jamal Eloheenatir, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent Jemal A. Deshong, also known as Jamal Eloheenatir, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).